IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**CHARLES RICE, JR.,**

      **Petitioner,**

v.                               **Criminal Action No. 2:99cr136**
                                    **Civil Action No. 2:05cv207**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**OPINION and ORDER**

Pending before the court is a Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Charles Rice, Jr. ("the petitioner"), filed on April 5, 2005. The petitioner, in reliance on the decision of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), claims that his sentence was unconstitutional and should be adjusted because he received enhancements based on facts not determined by a jury and was attributed with a drug amount not set forth in his plea agreement. The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

I. Background

On August 19, 1999, the petitioner was indicted for possession with intent to distribute heroin (Count One), opening and maintaining any place to distribute heroin (Count Two), convicted felon in possession of firearms (Counts Three and Five), and possession of firearms in furtherance of heroin distribution (Count Four and Six). The petitioner entered into a plea agreement with the government and pled guilty to Counts One and Five on October 4, 1999. On April 4, 2000, the court sentenced the petitioner to 300 months imprisonment for Count One and 120 months for Count Five, all to be served concurrently. On November 6, 2001, the district court entered an amended judgment in response to a motion filed by the government. On November 20, 2001, the petitioner appealed this amended judgment. On May 3, 2002, the court of appeals dismissed his appeal.

II. Discussion

A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the

filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because the petitioner appealed his sentence, but did not petition the Supreme Court for a writ of certiorari, his conviction became final on the last day the petitioner had to petition the Supreme Court. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (noting that for purposes of section 2255's one-year statute of limitations, when defendant fails to petition for writ of certiorari, conviction becomes final ninety days after court of appeals dismisses defendant's direct appeal); see also Clay v. United States, 537 U.S. 522 (2003). The court of appeals issued its order dismissing the petitioner's appeal on May 3, 2002; thus, his conviction became final ninety days later. Id. The instant petition was filed on April 5, 2005, two years and eight months after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering

3

date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing the petition at an earlier date. In addition, the claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing.

The petitioner attempts to show that his petition is timely by arguing that the Supreme Court has announced a new rule that is retroactive to cases on collateral review. United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004). Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255, paragraph 6(3). However, the court finds that neither Blakely nor Booker have been made retroactively applicable to cases on collateral review and, thus, do not serve to make the petitioner's section 2255 motion timely within the AEDPA.

A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 295 (1989). Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was certainly not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that court can enhance sentences on bases of judicially determined facts so long as statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct.

2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S. Ct. at 2523. Booker does not involve the substantive determination of what type of conduct is lawful or unlawful. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, it must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S. Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application.

McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. Feb. 2, 2005).

5

There is nothing in either <u>Blakely</u> or <u>Booker</u> to suggest that the Supreme Court meant to overrule the many cases holding that <u>Apprendi</u> does not apply retroactively on collateral review. This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the <u>Blakely</u> decision, or following the more recent decision in <u>Booker</u>. See <u>id.</u>; <u>Lilly</u>, 342 F. Supp. at 538-39 n.5 (citing cases). In fact, in addition to the Seventh Circuit's decision in <u>McReynolds</u>, each circuit that has addressed the issue of retroactivity in the wake of <u>Booker</u> has determined that the rule announced in that decision is not applicable on collateral review. See <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); <u>Guzman v. United States</u>, 2005 U.S. App. Lexis 5700, at *12 (2d Cir. April 8, 2005). Thus, considering that <u>Blakely</u> does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final. See 28 U.S.C. § 2255. As the petitioner's conviction became final some two years and eight months prior to the filing of the instant petition, the court concludes that the petition is time-barred.

Ordinarily, prior to raising the issue of the AEDPA statute of limitation sua sponte, a district court must warn the petitioner that the petition is subject to dismissal absent a sufficient explanation, "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." <u>Hill</u>, 277 F.3d at 707. The court finds that such a warning is unnecessary in this case for the following reason.

As the argument that <u>Blakely</u> is retroactive for purposes of the statute of limitation also extends to the petitioner's substantive claims, it is clear to the court from the materials before it that

there is simply no other means for this petition to be salvaged. See Hill, 277 F.3d at 707. Certainly, the petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (discussing limited grounds available for equitable tolling); see also United States v. Sosa, 364 F.3d 507, 513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable tolling was justified). The viability of the petition depends completely on the retroactive operation of Blakely, and by implication Booker. As these decisions do not have retroactive effect, the court finds that it is "indisputably clear" that the petition is untimely. Hill, 277 F.3d at 701.

    B. Summary Dismissal

The court also finds that even were this petition not ripe for dismissal on timeliness grounds, a review of the substance of the petitioner's claims would still warrant summary dismissal without the need for a response from the government. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss the petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing 2255 Proceedings.

The petitioner's substantive claims are all based on the assumption that Blakely and Booker are retroactive on collateral review. The petitioner claims, under Blakely and Booker, that his sentence was unconstitutional because, pursuant to the Federal Sentencing Guidelines, he received enhancements based on facts not determined by a jury and was attributed with a drug amount not set forth in his plea agreement.

As discussed above, the reason that Blakely and Booker cannot serve to restart the one-year

limitation period for filing a section 2255 petition is because these decisions have not been made retroactively applicable on collateral review. For the same reason, a petitioner whose conviction became final long before either Blakely or Booker were decided cannot rely on the effect of these decisions that would be available to cases on direct review. See Lilly, 342 F. Supp. 2d at 539 (noting that retroactivity analysis is identical for both timely and untimely petitions). Accordingly, as the petitioner cannot rely on the retroactive effect of Blakely and Booker, his petition is also subject to summary dismissal.

### III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on April 5 2005 is **DISMISSED**. The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**. Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

_/s/_____<br>
Jerome B. Friedman<br>
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 12th, 2005